UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION : : Plaintiff : : V. : : : MICHAEL SEAN CAIN, et al. : Defendant : | CIVIL ACTION NO. 1:12-CV-02984-CAP |

## DEFENDANT CAIN'S MOTION TO MOVE THE TRIAL OF HIS CASE TO THE NEWNAN DIVISION

Comes now Defendant Michael Sean Cain (Cain) by and through his undersigned attorneys, Raymond L. Moss and Jerome J. Froelich Jr., and moves this Court to transfer his case for trial to the Newnan Division of the United States District Court for the Northern District of Georgia for the following reasons:

### Factual Background

The Securities and Exchange Commission (SEC) filed the above captioned Complaint in the Atlanta Division of Northern District of Georgia. In the Complaint the SEC alleges that Tom Melvin Jr (Melvin), a CPA who lives and works in Griffin, Georgia, improperly leaked non-public material information concerning a tender offer for Chathem Inc to Defendant Michael S. Cain (Cain) who lives in Griffin, Georgia. The Complaint further alleges that Defendant Peter C. Doffing (Doffing), a resident of Milner, Georgia, was tipped by Cain concerning the tender offer to Chathem Inc. (Chathem)

The Complaint states in a separate distinct allegation that Melvin tipped Joel

-1-

C. Jinks (Jinks), who is a resident of Griffin, Georgia, about the potential sale of Chathem.

All three defendants, Cain, Jinks, and Doffing, reside and work in the Newnan Division of the Northern District of Georgia.

## Argument

15 U.S.C. §78(a)(a) provides that a civil action "may be brought....in the district wherein the defendant is found or is an inhabitant or transacts business...".

Local Rule 3.1 of the Northern District of Georgia, Division of Courts -Venue, governs venue for the various Divisions of the Northern District. LR3.1B(1)(a), Defendants, provides that any civil action brought against a defendant or defendants, who reside in the Northern District "...must be brought in the division where the defendant or defendants reside". LR3.1B(3) provides that civil actions must be brought in the division in which the action arose. LR 3.1B(4) provides for the transfer to a division for trial.

As shown in the Complaint, all the defendants reside in the Newnan Division. Therefore this case should be transferred for trial to the Newnan Division. Further, all of the events that are the subject matter of the Complaint took place in the Newnan Division and the vast majority of the witnesses in this case reside in the Newnan Division. Therefore, the proper venue for the trial of this case as it relates to Cain is the Newnan Division.

## Conclusion

For all of the above reasons, Defendant Cain's motion to transfer his case to

the Newnan division for trial should be granted.

        Respectfully Submitted,

        **_S/ Jerome J. Froelich Jr._**
        Jerome J. Froelich, Jr.
        State Bar No. 278150

McKENNEY & FROELICH
1349 West Peachtree St.
Two Midtown Plaza, Suite 1250
Atlanta, Georgia 30309
(404) 881-1111

        **_S/ Raymond Moss_**
        Raymond Moss
        State Bar No. 526569

MOSS & GILMORE, LLP
3630 Pechtree Road, NE
Suite 1025
Atlanta, Georgia 30326
(678) 381-8601

## CERTIFICATE OF SERVICE

This is to certify that I have this day served correct copy of the within and foregoing via electronic filing with the Clerk of Court using the CM/ECF system, which will automatically send the email notification to all counsel of record in this case:

    Kristin B. Wilhelm, Esq.
    Madison G. Loomis, Esq.
    Joshua A. Mayes, Esq.
    United States Securities and Exchange Commission
    Atlanta Regional Office
    950 East Paces Ferry Rd., NW
    Suite 900
    Atlanta, Georgia 30326

This 27th day of December, 2013.

                        *S/ Jerome J. Froelich Jr.*
                        JEROME J. FROELICH, JR.
                        Georgia State Bar No. 278150

McKenney & Froelich
Two Midtown Plaza, Suite 1250
1349 West Peachtree Street
Atlanta, Georgia 30309-2920
(404) 881-1111