IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:12-CV-02984-CAP |
| THOMAS D. MELVIN, JR., MICHAEL S. CAIN, JOEL C. JINKS and PETER C. DOFFING, | : : : : | |
| Defendants. | : | |

**OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE**

Plaintiff Securities & Exchange Commission hereby opposes Defendant Cain's [Dkt. 83] and Defendant Doffing's [Dkt. 85] motions to transfer the trial of this case to the Newnan Division. First, it is far too late for the Defendants to object to any purportedly improper venue. The Federal Rules of Civil Procedure make clear that such an objection must be raised at the outset of an action. Second, changing the venue for trial from Atlanta to Newnan would not add to the convenience of the Defendants or the witnesses who reside in Griffin, as Griffin is nearly equidistant from Atlanta and Newnan. It would, however, greatly inconvenience the Plaintiff, whose office is in Buckhead. Defendants' motions appear to be nothing more than an effort to inconvenience their adversary, and

1

perhaps, to secure a different trial judge.  Neither of those motives warrants a change of venue at this late stage of the proceedings.  Consequently, Defendants' motions should be denied.

### A. It Is Too Late to Challenge Venue.

A party that files a motion under Rule 12(b) of the Federal Rules of Civil Procedure waives any objection to venue unless that objection is included in the motion.  *See* Fed. R. Civ. P. 12(h)(1) ("A party waives any defense listed in Rule 12(b)(2)-(5) by omitting it from a motion in the circumstances described in Rule 12(g)(2)"); Fed. R. Civ. P. 12(g)(2)("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").  Defendant Cain and Defendant Doffing each filed motions to dismiss under Rule 12(b)(6).  [Dkts. 20, 23.]  Neither of those motions asserted that venue was improper.  [*Id.*]  Consequently, Defendants have waived any objection to the venue selected by Plaintiff.

Even had they not filed motions to dismiss, Defendants would have been required to object to venue in their answers to avoid waiving the objection.  Fed. R. Civ. P. 12(h)(1)(B).  Neither Defendant Cain nor Defendant Doffing objected to

venue in his answer.  [*See* Dkts. 44, 45.]  For this reason, too, the Defendants waived any objection to the venue chosen by the Plaintiff.  Fed. R. Civ. P. 12(h)(1)(B).  Because it is too late to challenge venue, Defendants' motions should be denied.

### B. Transferring Venue to the Newnan Division Would Not Add to the Convenience of the Parties or Witnesses.

As a general matter, the burden is on the party seeking transfer to demonstrate that the "balance of convenience of the parties and witnesses and the interest of justice are in [its] favor." *Armco Steel Co. v. CSX Corporation*, 790 F.Supp. 311, 323 (D.D.C.1991).  The moving party "bear[s] a heavy burden of establishing that plaintiffs' choice of forum is inappropriate."  *Pain v. United Tech. Corp.*, 637 F.2d 775, 784 (D.C.Cir.1980). That presumption is even stronger in cases arising under the federal securities laws because "the liberal venue provision [Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa)] represents an affirmative congressional policy choice to allow plaintiffs in securities cases the widest possible choice of forums in which to sue."  *Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Resources, Inc.*, 196 F. Supp. 2d 21, 37 n.9 (D.D.C. 2002).

The purported basis for Defendants' motions to transfer is that many of the witnesses and two of the parties reside in Griffin, Georgia.  According to Defendants, transferring the trial to Newnan would be more convenient for these witnesses.  Defendants fail to note, however, that Atlanta and Newnan are nearly equidistant from Griffin.  According to Google Maps, it takes 48 minutes to drive the 36.1 miles from Griffin to Newnan.  (Declaration of Joshua A. Mayes [Dkt. 86] ("Mayes Dec."), Ex. A.)  *See Citizens for Peace in Space v. City of Colo. Springs*, 477 F.3d 1212, 1219 n. 2 (10th Cir.2007) (taking judicial notice of distance calculated using Google Maps); *Dynka v. Norfolk S. Ry. Corp.*, No. 09–cv–4854, 2010 WL 2490683, at *1 n. 2 (E.D.Pa. June 15, 2010) (same); *Maynard v. Harrah's Entertainment, Inc.,* No. 09–cv–3128 (FB)(SMG), 2010 WL 1930263, at *5 n. 6 (E.D.N.Y. May 11, 2010) (same); *United States v. Stewart*, No. 3:07–cr–51 (REP), 2007 WL 2437514, at *1 n. 2 (E.D.Va. Aug. 22, 2007) (same).  That same source shows that it takes 48 minutes to drive the 38.2 miles from Griffin to Atlanta.  (Mayes Dec., Ex. B.)  Consequently, there would be no greater convenience for witnesses residing in Griffin were the Court to grant Defendants' motions; they must drive nearly the same distance and the same 48 minutes either way.

Plaintiff, however, would be greatly inconvenienced by the transfer of venue requested by Defendants.  According to Google Maps, it takes 16 minutes to drive the 9 miles from Plaintiff's office in Buckhead to Atlanta.  (Mayes Dec., Ex. C.)  But it takes more than three times as long, 50 minutes, to drive the 46.2 miles from Plaintiff's office to Newnan.  (Mayes Dec., Ex. D.)  A change in venue would more than triple the driving time required by Plaintiff's counsel with no offsetting conveniences to witnesses or other parties, and therefore, Defendants' motions should be denied.

This 6th day of January, 2014.[1]

/s/ Joshua A. Mayes
Ga. Bar No. 143107
COUNSEL FOR PLAINTIFF

U.S. Securities and Exchange Commission
Atlanta Regional Office
950 East Paces Ferry Rd., N.W.
Suite 900
Atlanta, GA 30326
(404) 842-5747 phone
(404) 842-7633 facsimile
mayesj@sec.gov

---

[1] This document is printed in Times New Roman font, size 14, and does not contain more than ten characters per inch.

## CERTIFICATE OF SERVICE

      This is to certify that by filing the foregoing with the Clerk of the Court using the CM/ECF system, that filing system will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Raymond L. Moss<br>SIMS MOSS KLINE & DAVIS LLP<br>Suite 1700<br>Three Ravinia Drive<br>Atlanta, Georgia 30346 | Charles E. Cox, Jr.<br>Attorney at Law<br>P.O. Box 67<br>3464 Vineville Avenue<br>Macon, Georgia 31202-0067 |
| Jerome J. Froelich, Jr.<br>MCKENNEY AND FROELICH<br>Two Midtown Plaza, Suite 1250<br>1349 West Peachtree Street, N.W.<br>Atlanta, Georgia 30309 | Anthony Lake<br>GILLEN, WITHERS & LAKE, LLC<br>One Securities Centre, Suite 1050<br>3490 Piedmont Road, NE<br>Atlanta, Georgia 30305<br>(404) 842-9700 phone<br>(404) 842-9750 facsimile<br>aclake@gwllawfirm.com |

This 6th day of January, 2014.

                                                      */s/ Joshua A. Mayes*