## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.** |
| | | **1:12-CV-02984-CAP** |
| **v.** | : | |
| | : | |
| | : | |
| **THOMAS D. MELVIN, MICHAEL S. CAIN, JOEL C. JINKS and PETER C. DOFFING,** | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

### FINAL JUDGMENT AS TO MICHAEL S. CAIN

The Securities and Exchange Commission having filed a Complaint and Defendant Michael S. Cain having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by purchasing or selling securities on the basis of material, nonpublic information that was obtained in breach of a duty to the source of the information or by tipping such information to another.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons

in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise are permanently restrained and enjoined

from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule

14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any

tender offer or request or invitation for tenders, from engaging in any fraudulent,

deceptive, or manipulative act or practice, by:

(a)     purchasing or selling or causing to be purchased or sold the securities

sought or to be sought in such tender offer, securities convertible into or

exchangeable for any such securities or any option or right to obtain or

dispose of any of the foregoing securities while in possession of material

information relating to such tender offer that Defendant knows or has reason

to know is nonpublic and knows or has reason to know has been acquired

directly or indirectly from the offering person; the issuer of the securities

sought or to be sought by such tender offer; or any officer, director, partner,

employee or other person acting on behalf of the offering person of such

issuer, unless within a reasonable time prior to any such purchase or sale

such information and its source are publicly disclosed by press release or otherwise; or

(b)     communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i)     to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii)    to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing,

preparation or execution of the activities of the issuer with

respect to such tender offer; or

(iii)   to any person pursuant to a requirement of any statute or rule or

regulation promulgated thereunder.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant shall pay a civil penalty of $36,991.20.  Defendant shall make payment

within 14 days of entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which

will provide detailed ACH transfer/Fedwire instructions upon request.  Payment

may also be made directly from a bank account via Pay.gov through the SEC

website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by

certified check, bank cashier's check, or United States postal money order payable

to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number,

and name of the Court; Michael S. Cain as a defendant in this action; and

specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  JULY 20th , 2016

/s/CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE